**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BLACK DIAMOND DEVELOPERS, LP, et al,**[1] | § | **CASE NO. 22-70179** |
| | § | **(Chapter 11)** |
| Debtor. | § | **(Jointly Administered)** |

**NOTICE OF ENTRY OF ORDER CONFIRMING DEBTORS'**
**CONSENSUAL MODIFIED JOINT PLAN OF REORGANIZATION**
<u>**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**</u>

PLEASE TAKE NOTICE THAT on May 22, 2023, the United States Bankruptcy Court confirmed the Debtors' Joint Consensual Modified Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Dkt. No. 108) and entered its Amended Findings of Fact and Conclusions of Law and Order Confirming Debtors' Joint Consensual Modified Plan of Reorganization (the "Confirmation Order") (Dkt No. 119). Attached please find a copy of the Confirmation Order without the attached exhibits.

DATED:      May 25, 2023                Respectfully submitted,

**THE PROBUS LAW FIRM**

By:___/s/ Matthew B. Probus___
    **Matthew B. Probus**
    State Bar No. 16341200
    matthewprobus@theprobuslawfirm.com
10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
*ATTORNEYS FOR THE DEBTORS,*
*BLACK DIAMOND DEVELOPERS, LP*
*AND CCC OPERATIONS, LLC*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Black Diamond Developer, LP (6068) and CCC Operations, LLC (2796) (Collectively referred to as the "Debtors").

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLACK DIAMOND DEVELOPERS, LP, et al,[1] | § | CASE NO. 22-70179 |
| | § | (Chapter 11) |
| Debtor. | § | (Jointly Administered) |

**AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND
ORDER CONFIRMING DEBTORS'
JOINT CONSENSUAL MODIFIED PLAN OF REORGANIZATION**
[Ref. Dkt. No. 108]

Came on for consideration of                    the Debtors' Joint

Consensual Modified Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the

"Modified Plan")(Dkt. No. 108)(Attached as Exhibit "1").

On November 3, 2022, Black Diamond Developers, LP ("Black Diamond") and CCC

Operations, LLC ("CCC Operations") filed their voluntary petitions in the United States

Bankruptcy Court for the Southern District of Texas, McAllen Division (the "Court") under

Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Black

Diamond and CCC Operations are hereinafter referred to collectively as the "Debtors." Black

Diamond's chapter 11 case was assigned Case No. 22-70179. CCC Operations chapter 11 case

was assigned Case No. 22-70181. The cases are being jointly administered under Case No. 22-

70179.

On January 31, 2023, the Debtors filed with their Debtors' Joint Plan of Reorganization

Under Chapter 11 of the Bankruptcy Code (the "Plan"). (Dkt. No. 62). Because these cases are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Black Diamond Developer, LP (6068) and CCC Operations, LLC (2796) (Collectively referred to as the "Debtors").

being pursued under subchapter V of Chapter 11 of the Bankruptcy Code, the Debtors were not required to file and have approved a disclosure statement.

On February 2, 2023, the Court entered its Order Scheduling a Hearing to Consider Confirmation of the Plan and Fixing Deadlines for Voting and Objections. (the "Confirmation Scheduling Order"). (Dkt. No. 63). The Court's Confirmation Scheduling Order set the following deadlines regarding the consideration of confirmation of the Plan:

| | |
|---|---|
| March 10, 2023: | Deadline for filing and serving written objections to confirmation of the Plan. |
| March 15, 2023: | Deadline for the filing of a modified plan, if any. |
| March 20, 2023: | Deadline for filing further modifications made to the Plan after the March 15, 2023 deadline to address written objections filed on or before the March 10, 2023, deadline. |
| March 22, 2023: | Deadline for filing ballots accepting or rejecting the Plan. |
| March 23, 2023: | Debtor must file a proposed form of order confirming plan with the Clerk of Court. |
| March 24, 2023: | 9:00 a.m. CST hearing on Debtor's Plan. |

The Debtors served a copy of the Confirmation Scheduling Order, a ballot conforming to Official Form 314 for holders of claims and interests, and a copy of the Plan on all creditors, equity interest holders, parties-in-interest, parties requesting notice, the United States Trustee, and the Subchapter V Trustee, in compliance with the requirements and procedures set forth in the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3017.

On March 10, 2023, the following parties filed an objection to the plan:

- United States Trustee (Dkt. No. 76);

- Catherine Curtis, Subchapter V Trustee (Dkt. No. 81);

- Kurita America, Inc. (Dkt. No. 80); and

- Ovation Services, LLC as agent for FGMS Holdings, LLC (Dkt. No. 77).

Kurita America, Inc. requested a modification to the Plan to reflect that the Debtors are rejecting the pool chemicals supply contract with Kurita and owe $4,440.00 as an administrative expense for post-petition services, and the Debtors have made that modification. Ovation Services, LLC requested a modification of the Plan to include certain language regarding the classification and treatment of the claim of FGMS Holdings, LLC, and the Debtors have made that modification. The Sub-Chapter V Trustee requested certain modifications to the Plan in the event she serves as disbursing agent. The Debtors have removed her as disbursing agent under the Modified Plan, as the Modified Plan is now consensual. Hidalgo County and United Irrigation District also requested a modification of the Plan to include certain language regarding the treatment of their claims, and the Debtors have made that modification. Finally, the United States Trustee advised the Debtors that they were required to include a liquidation analysis and projected financial statements for the plan term or an objection would be filed, and the Debtors have made that modification. The Modified Plan was sent to the United States Trustee, the Subchapter V Trustee, all creditors, all parties requesting notice, and all parties in interest.

On March 10, 2023, the Debtors filed a motion for continuance of the confirmation hearing and reset of the deadline to file objections to the Modified Plan. (Dkt. No. 82). On March 13, 2023, the Court granted the motion, continued the confirmation hearing to April 28, 2023, at 10:00 a.m., and set a deadline of April 21, 2023, for parties to file objections to the plan as modified. (Dkt. No. 84).

On March 15, 2023, the Debtors served a copy of the Order resetting the confirmation hearing and setting a new deadline for objections to the plan as modified and a copy of the Modified Plan on all creditors, equity interest holders, parties-in-interest, parties requesting notice, the United States Trustee, and the Subchapter V Trustee, in compliance with the requirements and procedures set forth in the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3017.

On April 17, 2023, the Court reset the confirmation hearing from 10:00 a.m. to 1:30 p.m. on April 28, 2023. The Debtors served a copy of that order resetting the confirmation hearing on all creditors, equity interest holders, parties-in-interest, parties requesting notice, the United States Trustee, and the Subchapter V Trustee, in compliance with the requirements and procedures set forth in the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3017.

On April 26, 2023, the Debtors filed the Debtors Tabulation of Ballots Received (Dkt. No. 96) and the Declaration of Matthew Probus Regarding Votes and Tabulation of Ballots Cast on the Modified Plan (Dkt. No. 97), which accounts for ballots received up to the voting deadline set by the Court.

The Debtors have operated their businesses and managed their properties during these Chapter 11 cases as debtors in possession pursuant to section 1184 of the Bankruptcy Code. The Debtors qualify as "debtors" under 11 U.S.C. § 1182(1), and this case is being conducted as a Subchapter V case under Chapter 11 of the Bankruptcy Code.

On April 28, 2023, the Court considered the Modified Plan, the Tabulation of Ballots, the statements of counsel, evidence presented, and all other matters relevant, and asked for certain nonmaterial modifications to the Modified Plan and an amended Tabulation of Ballots. The Court continued the confirmation hearing to May 22, 2023.

On May 11, 2023, the Debtors filed the Modified Plan with the nonmaterial modifications along with the Amended Tabulation of Ballots and the Declaration of Matthew Probus regarding the voting and tabulation of ballots.

On May 22, 2023, the Court considered the Modified Plan, the Amended Tabulation of Ballots, the statements of counsel, and all other matters relevant and after due deliberation and sufficient cause therefore, the Court is of the opinion that the Modified Plan should be, and hereby

4

is, confirmed.   The Court made this announcement on the record at the conclusion of the Confirmation Hearing and orally made findings of fact and conclusions of law in support thereof.

Therefore, the Court hereby finds and concludes that:

1.   The following findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014. To the extent that any of these findings of fact and conclusions of law conflict with the oral findings of fact or conclusions of law, these findings and conclusions will control.

2.   To the extent any oral or written findings of fact constitute conclusions of law, they are adopted as such.   To the extent any oral or written conclusions of law constitute findings of fact, they are adopted as such.

<u>Jurisdiction and Venue</u>

3.   The Court has jurisdiction over the Debtors' Chapter 11 cases (the "Case"), and to enter this Confirmation Order pursuant to 28 U.S.C. § 1334.   Confirmation of a plan is a core matter pursuant to 28 U.S.C. § 157(b)(2)(L).

4.   Venue is proper pursuant to 28 U.S.C. § 1408 as the Debtors' principal place of business, and substantially all of the Debtors' assets, are located within this District.   Further, the Debtors are eligible as a debtor under 11 U.S.C. § 109.

<u>Solicitation And Notice</u>

5.   The Modified Plan contains the information required by and in compliance with 11 U.S.C. § 1190.

6. The Modified Plan, the Ballots, and the Confirmation Scheduling Order were transmitted and served in compliance with the Court's Confirmation Scheduling Order and the

Federal Rules of Bankruptcy Procedure, and service thereof was timely, adequate and sufficient under the circumstances of the Case to satisfy due process.

7.   All parties, including without limitation those taxing authorities, attorney generals, and other governmental units entitled to notice of the confirmation hearing and the deadline for filing and serving objections to confirmation of the Modified Plan, received adequate notice in accordance with the Federal Rules of Bankruptcy Procedure of the Modified Plan, the Ballots, and the Confirmation Scheduling Order, and of the confirmation hearing, and have had an ample opportunity to appear and be heard with respect thereto.  No other or further notice is necessary or required.

8.   This Court has jurisdiction over the taxing authorities and governmental units referenced in the Modified Plan to determine all tax and other relevant issues arising under the Modified Plan.

<u>Voting And Tabulation Of Ballots</u>

9.   The Debtors solicited votes to accept or reject the Plan and Modified Plan and tabulated ballots, fairly, in good faith and not by any means forbidden by law, and in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.  These results were compiled by Debtors' Counsel in the Ballot Summary admitted into evidence and certified by the Debtors' Counsel.

10. Pursuant to section 1193 of the Bankruptcy Code, the modifications in the Modified Plan and any modifications to the Plan described or set forth in this Confirmation Order constitute technical or clarifying changes, changes with respect to particular claims by agreement with holders of such claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other claim or interest under the Plan. The modifications comply with the requirements of section 1193 of the Bankruptcy Code, and accordingly, the Modified Plan is

properly before this Court and all votes cast with respect to the Modified Plan prior to such modification shall be binding and shall apply with respect to the Modified Plan.

Bankruptcy Code Requirements Satisfied

11. The Debtors, as proponents of the Modified Plan, have met their burden of proving the applicable elements of sections 1191 and 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation. In addition, and to the extent applicable, the Modified Plan is confirmable under the clear and convincing evidentiary standard.

12. The Modified Plan complies with all applicable provisions of the Bankruptcy Code as required by and in compliance with 11 U.S.C. § 1129(a)(1).

13. The Modified Plan is dated and identifies the Debtors as the proponents of the Modified Plan as required by Fed. R. Bankr. P. 3016(a).

14. The Modified Plan designates and classifies all applicable Claims and Interests as required by and in compliance with 11 U.S.C. § 1123(a)(1).  The classification of Claims and Interests under the Modified Plan is reasonable and complies with 11 U.S.C. § 1122.  Each Claim and Interest placed in a particular class pursuant to the Modified Plan is substantially similar to the other Claims or Interests, as the case may be, in such class, and each class is substantially dissimilar to other classes to justify separate classification.  A reasonable basis exists for the Modified Plan's classification schematic, which is proper under the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

15. The Modified Plan specifies each class of Claims or Interests that is not impaired under the Modified Plan as required by and in compliance with section 1123(a)(2) of the Bankruptcy Code.  The Modified Plan specifies each class of Claims or Interests that are impaired under the Modified Plan as required by and in compliance with section 1123(a)(3) of the Bankruptcy Code.

16. The Modified Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agreed otherwise, as required by and in compliance with section 1123(a)(4) of the Bankruptcy Code.

17. The Modified Plan provides adequate means for its implementation as provided in 11 U.S.C. § 1123(a)(5).

18. Section 1123(a)(6) of Title 11 is inapplicable because none of the reorganizing debtors are corporations.

19. The Modified Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Modified Plan and any successor to such officer, director or trustee, in compliance with 11 U.S.C. § 1123(a)(7).

20. The Modified Plan provides for the assumption and rejection of executory contracts and leases as required by and in compliance with section 1123(b)(2) and with all other provisions of the Bankruptcy Code.

21. The other provisions of the Modified Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

22. The Debtors, as proponents of the Modified Plan, have complied, and the Modified Plan complies, with the applicable provisions of the Bankruptcy Code, in compliance with 11 U.S.C. §§ 1129(a)(1) and (2) and 1126.

23. The Modified Plan has been proposed in good faith and not by any means forbidden by law as required by and in compliance with section 1129(a)(3).

24. All payments made or to be made by the Debtors under the Modified Plan, for services or for costs and expenses in or in connection with the Case, or in connection with the Modified

Plan and incident to the Case, have been approved by the Court or are subject to the approval of the Court as reasonable, as required by and in compliance with section 1129(a)(4).

25. The Debtors, as proponents of the Modified Plan, have disclosed the identity and affiliation of the individuals proposed to serve, after confirmation of the Modified Plan, as directors, officers, or voting trustees of the Debtors in compliance with 11 U.S.C. § 1129(a)(5)(A). Further, the Debtors have disclosed the identities of insiders that will be employed or retained by the reorganized Debtors, and the nature of any compensation for such insiders, in compliance with 11 U.S.C. § 1129(a)(5)(B).

26. Section 1129(a)(6) of Title 11 is inapplicable because no governmental regulatory commission has jurisdiction, after confirmation of the Modified Plan, over the rates to be charged by the Debtors.

27. The Debtors solicited votes from every Claimant despite the fact that there is no impaired class of Claims, and each holder of a Claim or Interest in such Class whether or not it accepted the Modified Plan or did not vote, will receive or retain under the Modified Plan on account of such Claim or Interest, property of a value that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date, as required by and in compliance with section 1129(a)(7).

28. Each class of Claims or Interests has either: (a) accepted or did not vote on the Modified Plan; (b) is not impaired under the Modified Plan; or (c) the Modified Plan does not discriminate unfairly and is fair and equitable with respect to such class of Claims or Interests as required by and in compliance with section 1129(a)(8)(A) & (B).

29. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Modified Plan provides that, with respect to a Claim of a kind specified in 11 U.S.C. § 507(a)(2), on the later to occur of the thirtieth (30) day after the Effective

Date or the date on which such Claim is Allowed, the holder of such Claim will receive on account of such Claim cash in an amount equal to the Allowed amount of such Claim subject to and in accordance with the terms of the Modified Plan, except that Claims representing liabilities incurred or assumed by the Debtor in the ordinary course of business shall be paid according to their terms, as required by and in compliance with section 1129(a)(9)(A).  There are no Claims under 11 U.S.C. § 507(a)(3).

30. The Modified Plan complies with section 1129(a)(9)(B), because there are no Claims under 11 U.S.C. § 507(a)(1), (4), (5), (6), or (7).

31. The Modified Plan provides for Claims of a kind specified in 11 U.S.C. § 507(a)(8) to receive on account of such claim regular installment payments in cash of a total value, as of the Effective Date of the Modified Plan, equal to the allowed amount of such claim, over a period ending not later than 5 years after the date of the order for relief, and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Modified Plan, as required by and in compliance with 11 U.S.C. § 1129(a)(9)(C).

32. The Modified Plan provides for secured claims which would otherwise meet the description of an unsecured claim of a governmental unit under 11 U.S.C. § 507(a)(8), but for the secured status of the claim, to receive on account of that claim cash payments, in the same manner and over the same period, as prescribed in 11 U.S.C. § 1129(a)(9)(C), as required by and in compliance with 11 U.S.C. § 1129(a)(9)(D).

33. No class of claims is impaired under the Modified Plan, and so 11 U.S.C. § 1129(a)(10) does not apply.

34. The Modified Plan is feasible as the Debtors will have sufficient funds and other distributable consideration to satisfy their obligations under the Modified Plan. The Modified Plan

is not likely to be followed by liquidation or the need for further financial reorganization as required by and in compliance with section 1129(a)(11).

35. Section 1129(a)(12) is not applicable as this is a case under Subchapter V of Chapter 11 of the Bankruptcy Code and no fees are payable under 28 U.S.C. § 1930(a)(6).

36. Section 1129(a)(13) of Title 11 is inapplicable, because the Debtors have no plans that involve "retiree benefits" as that term is defined in 11 U.S.C. § 1114(a).

37. All transfers of property under the Modified Plan shall be made in accordance with applicable provisions of nonbankruptcy law that governs the transfer of property by a corporation.

38. All applicable requirements of section 1129(a) are satisfied and the Modified Plan is in compliance with the Bankruptcy Code.

39. All applicable requirements of section 1129 have been met and no other Chapter 11 plans have been filed in this case.  11 U.S.C. § 1129(c).

40.  It is not the principal purpose of the Modified Plan to avoid taxes or the application of Section 5 of the Securities Act of 1933, as amended.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED, THAT:**

1.   The Findings of Fact and Conclusions of Law regarding Confirmation of the Modified Plan of this Court as set forth herein and in the record of the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this matter by Bankruptcy Rule 9014. To the extent any of the findings of fact set forth above constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.   The Modified Plan, including the Modifications, is confirmed in all respects regardless of whether specific reference is made herein to a particular article, paragraph, exhibit, or provision of the Modified Plan.  The terms of the Modified Plan are incorporated by reference into, and are

an integral part of, this Confirmation Order. The Debtors are authorized and directed to implement the Modified Plan in accordance with the terms thereof and to take any and all actions contemplated to be taken under the Modified Plan.

3.    The provisions of the Modified Plan and this Confirmation Order shall be, and hereby are, binding on the Debtors and Reorganized Debtors and any holder of a Claim or Interest, whether or not the Claim or Interest is impaired under the Modified Plan and whether or not the holder of such Claim or Interest has accepted the Modified Plan. The provisions of this Confirmation Order shall be, and hereby are, non-several and mutually dependent. All objections to confirmation of the Modified Plan that have not been withdrawn prior to the entry of this Confirmation Order or that are not cured by the relief herein are overruled in all respects. All withdrawn objections, if any, are deemed withdrawn with prejudice.

4.    The Effective Date of the Modified Plan shall be as described in the Debtors' Modified Plan, a date that is no later than fourteen (14) days after the confirmation date. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

5.    The Debtors are authorized to consummate the Modified Plan and the transactions contemplated thereby.

6.    Each federal, state and local governmental agency or department is hereby authorized and directed to accept the filing of all documents and instruments necessary and appropriate to consummate the Modified Plan, as may be necessary.

7.    Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order and the Modified Plan, and all related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

8.   Except as otherwise specified in the Modified Plan, no action of the Debtors shall be required to authorize the Debtors to enter into any and all agreements or documents and plans to be entered into, executed and delivered, adopted or amended by the Debtors in connection with the Modified Plan or deemed appropriate to effectuate the Modified Plan.

9.   As of the Effective Date, all property of the estate, including causes of action of the Debtors, shall become property of the Reorganized Debtors and be free and clear of all liens, claims and interests of Creditors and Equity Interest Holders, except as provided for in the Modified Plan. Nothing in the Modified Plan or this Confirmation Order shall discharge or release the valid, enforceable, and perfected liens of FGMS Holdings, LLC, United Irrigation District, Hidalgo County, and the Texas Workforce Commission that arose prior to the commencement of the bankruptcy cases.

10. Notwithstanding anything else to the contrary in the Modified Plan or this Confirmation Order, the Texas Comptroller of Public Accounts (the "Texas Comptroller") and the Texas Workforce Commission (the "TWC") reserve the following rights: (1) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (2) any rights to pursue any non-debtor third parties for tax debts or claims; (3) the payment of interest on the Texas Comptroller's or the TWC's administrative expense tax claims, if any; (4) to the extent that interest is payable with respect to any administrative expense, priority, or secured tax claim of the Texas Comptroller or the TWC, the statutory rate of interest pursuant to Texas Tax Code, § 111.060; and (5) the Texas Comptroller and the TWC are not required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D). Priority tax claims owed to the Texas Comptroller and the TWC shall be paid in full: (1) on the Effective Date; (2) in equal monthly installments of principal and interest no later than sixty (60) months of the Debtor's bankruptcy petition date; or (3) as otherwise agreed to by the Texas Comptroller. The Texas Comptroller's and the TWC's

13

priority tax claims shall accrue interest at the statutory rate of interest from the Effective Date until paid in full. A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fail to cure an Event of Default as to an agency of the State of Texas within five (5) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured.

11. With respect to Class 1: Allowed Secured Claim of Ovation Services, LLC as agent for FGMS Holdings, LLC ("Ovation"):

> Ovation shall have an allowed secured claim in the amount of $82,225.54 as of the Petition Date plus post-petition interest in the amount of 9.9% that accrues from the Petition Date plus reasonable and necessary attorneys' fees and costs and all other amounts under the Loan Documents (as defined below).

> Ovation's claim is secured by the real property located in Mission, Texas with the legal description:

> THOSE CERTAIN TRACTS OF LAND OUT OF CIMARRON COUNTRY CLUB, PHASE I, SECTIONS I, II, III, IV, ADDITIONS TO THE CITY OF MISSION, HIDALGO COUNTY, TEXAS, ACCORDING TO THE RESUBDIVISION MAPS THEREOF RECORDED IN VOLUME 23, PAGE 198 AND VOLUME 24, PAGE 1, MAP RECORDS OF HIDALGO COUNTY, MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS OF TRACT ONE TO DOC NO. 2020-3137410, DEED RECORDS, HIDALGO COUNTY, TEXAS. FURTHER DESCRIBED AS HIDALGO CAD PROPERTY ID 254449.

> MULTIPLE TRACTS OF LAND COMBINED AS HIDALGO CAD PROPERTY ID 135318 IN THE GOLF COURSE RESERVE OF CIMARRON COUNTRY CLUB, PHASE I, SECTIONS I, II, III, AND IV, ADDITIONS TO THE CITY OF MISSION, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAPS THEREOF RECORDED IN VOLUME 23, PAGE 198 - 200, MAP RECORDS OF HIDALGO COUNTY, TEXAS. MORE PARTICULARLY DESCRIBEDAS TRACTS 2-6 AND 8, IN DEED RECORDED AS DOC NO. 2020-3137410, DEED RECORDS, HIDALGO COUNTY, TEXAS, INCORPORATING EASEMENTS AND RESERVATIONS EXHIBIT B, DOC. NO. 1996-548175, DEED RECORDS, HIDALGO COUNTY TEXAS.

(the "Property"). Ovation's proof of claim is supported by a Texas Property Tax Repayment Agreement executed on April 28, 2022 in the original principal amount of $77,775.41 (the "Ovation Agreement") along with the Loan Documents (as defined below).

As of the Petition Date, Ovation and the Debtor stipulate that:

1)      The amount owing under the Agreement is $82,225.54.

2)      The Agreement is further secured by a Tax Lien Transfer Contract executed on April 28, 2022, and by tax liens transferred to Ovation pursuant to Sworn Documents Authorizing Transfer of Tax Lien and Certified Statements of Transfer of Tax Lien (collectively, the "Loan Documents").

3)      Ovation is oversecured.

4)      Because Ovation is oversecured, the amount owed to Ovation relating to Ovation's proof of claim is entitled to bear interest at the rate of interest provided for under the Agreement from and after the Petition Date subject to 11 U.S.C. § 511 and to accrue costs, charges and fees pursuant to 11 U.S.C. § 506(b). 5) Ovation's claim is fully and finally allowed.

7)      After the entry of the Confirmation Order, but prior to the Effective Date, counsel for the Debtors will request from Ovation's bankruptcy counsel, a payoff statement and an arrearage statement (both calculated as of the Effective Date).  All amounts owing on the arrearage statement are due on the Effective Date. All amounts owing pursuant to the payoff statement must be paid in full prior to Ovation releasing its liens on the Property. In the event of prepayment, Ovation will provide a final payoff to the Debtors, and that amount will be paid in full prior to Ovation releasing its liens on the Property. The Debtors, its counsel, or its authorized agent, will request a payoff from Ovation's counsel in this bankruptcy case in the event of a prepayment.

Treatment: Ovation's allowed secured claim (together with interest, costs, charges and fees pursuant to 11 U.S.C. § 506(b)) shall be paid in the following manner:

On the Effective Date, the Debtor will cure all outstanding and past due amounts owed under the Loan Documents.

In addition, the Debtor will continue to pay Ovation according to the Loan Documents (attached to Ovation's proof of claim) until all amounts owed under the Loan Documents and applicable law are paid in full.

The Loan Documents, attached to Ovation's proof of claim and incorporated here by reference, shall continue in full force after confirmation. Nothing herein shall preclude the Debtor and Ovation from executing an extension, a modification and/or renewal agreement to conform the Loan Documents to the treatment provided for Ovation's claim herein without further order of the Court. Should the Debtor default on its obligations provided herein to Ovation or to any creditor with an equal or superior lien on the real estate that

collateralizes Ovation's lien, Ovation, its agents and/or assigns may enforce its remedies as provided in the Loan Documents between the Debtor and Ovation and in accordance with state law without further order or notice to this Court. The treatment accorded to Ovation's claim hereunder shall not alter or discharge the contingent liability of a guarantor, if any, of Ovation's claim.

Ovation shall retain all its current liens on the Property in the current lien priority to secure repayment of amounts to be paid to Ovation under the Modified Plan. All other covenants currently in the Loan Documents shall remain in full force and effect except as modified by this Modified Plan.

12. Except as otherwise provided in the Modified Plan or by order of the Court, all injunctions or stays provided for in the Debtors' bankruptcy cases pursuant to 11 U.S.C. §§ 105, 362, or 525, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

13. The Debtors (and their respective agents, officers, employees, advisors and attorneys) are authorized, empowered, and directed to carry out all of the provisions of the Modified Plan and, in connection therewith, to: (i) issue, execute, deliver, file, or record any agreement, instrument, document, or security; (ii) take any action necessary or appropriate to implement, effectuate, and consummate the Modified Plan in accordance with its terms; and (iii) take any or all actions authorized to be taken pursuant to the Modified Plan, whether or not specifically referred to in the Modified Plan or any exhibit thereto, without further order of the Court.

14. The transactions contemplated by the Modified Plan and this Confirmation Order are conclusively determined to be exempt from the imposition and payment of any and all stamp tax, transfer tax or similar tax (including without limitation any and all recording and filing taxes, costs, and charges related to the filing of any mortgage, deed of trust, financing statement, collateral assignment of lease, or any other similar document or instrument) ("Transfer Tax"). The Debtors shall have no liability for any Transfer Taxes, and the Debtors are hereby discharged from all liability in respect of such Transfer Taxes. The Court specifically retains jurisdiction to enforce

the provisions of this paragraph and to hear and determine any claims, issues, and controversies that may hereinafter arise in respect of or relating to this paragraph. The Debtors are authorized to make such requests for tax determination as are described in 11 U.S.C. §1146(b).

15. All actions authorized to be taken pursuant to the Modified Plan shall be effective when taken, without further application to, or order of the Court, or the need of further action by the respective agents, officers, employees, advisors and attorneys of the Debtors or Reorganized Debtors and with the effect as if such actions had been taken by unanimous action of such agents, officers, employees, advisors and attorneys.

16. Except as otherwise provided in the Modified Plan, the entry of this Confirmation Order, as of the Effective Date, will act as a complete discharge of all Claims against and Interests in the Debtors, the bankruptcy estate, and any and all property thereof, of any nature at all, including, without limitation, any liability of a kind specified in 11 U.S.C. §§ 502(g), 502(h), or 502(i), that arose or has been asserted any time before the Effective Date or that arises from any pre-confirmation conduct of the Debtors whether or not the Claim is known to or knowable by the current or any former holder of any Claim or Interest.  Except as otherwise provided in the Modified Plan, the discharge provided herein is effective as to each Claim and/or Interest as set forth in the Modified Plan, whether or not the holder of such Claim or Interest voted to accept the Modified Plan.  In addition, the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtors and their assets and properties and any proceedings not yet instituted against the Debtors or their assets and properties, except as otherwise provided in the Modified Plan.  As provided in 11 U.S.C. § 524, the discharge operates as an injunction against the prosecution of any Claim or Interest so discharged.

17. Except as expressly provided in the Modified Plan, at all times on and after the Effective Date, all Persons who have been, are, or may be holders of Claims against or Equity Interests in the Debtors arising prior to the Effective Date, shall be enjoined from taking any of the following actions against or affecting the Debtors, their estates, their property, including the Reorganized Debtors and their Property, with respect to such Claims or Interests (other than actions brought to enforce any rights or obligations under the Modified Plan):

(a)     commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtors, their estates, or its property, (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which shall be deemed to be withdrawn or dismissed with prejudice);

(b)     enforcing; levying, attaching, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtors, their estates, or their property;

(c)     creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien against the Debtors, their estates, or their property;

(d)     asserting any right of subrogation, or recoupment of any kind, directly or indirectly against any obligation due the Debtors, their estates, or their property; and

(e)     proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Modified Plan.

Notwithstanding anything contrary contained within the Modified Plan or approved Disclosure Statement, the permanent injunction provisions set forth in section 10.04 of the Modified Plan do not apply to the litigation pending between the Homeowners Association of Cimarron, Inc. and

other plaintiffs and the Debtors pending in the 275th Judicial District Court of Hidalgo County, Texas. All parties have all rights available to them under state law.

18.     Notwithstanding anything to the contrary contained within the Modified Plan or approved Disclosure Statement, the Secured Tax Claims of Hidalgo County and United Irrigation District (referred to collectively herein as "Taxing Jurisdictions") shall be paid by the Debtor, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing  thirty days from the Modified Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.  In the event of the liquidation of Black Diamond's golf course machinery which secures the business personal property account, said account plus interest accrued thereon  will be reduced by any net liquidation proceeds on closing of any such sale.

Taxing Jurisdictions shall retain all liens until such taxes are paid in full.

Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Modified Plan is not paid by Debtor or if post-confirmation taxes (including 2023 taxes) are not paid timely pursuant to state law.  In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor.  If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.  The Debtor has the opportunity to cure two (2) times over the life of the Modified Plan.  In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

19. No Effect on Governmental Regulatory Authority.  Notwithstanding anything in the Modified Plan or this Order to the contrary, nothing in the Modified Plan or this Order or related

documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors or Reorganized Debtors.  Nor shall anything in the Modified Plan or this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.  Further, nothing in the Modified Plan or this Order or related documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in the Modified Plan or this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit.  Nothing in the Modified Plan or this Order shall affect any setoff or recoupment rights of any Governmental Unit, including but not limited to the Texas Health and Human Services Commission's recoupment rights under the Texas Medicaid program.  Nothing in the Modified Plan or this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret the Modified Plan or this Order or to adjudicate any defense asserted under the Modified Plan or this Order.

20. This Court shall retain jurisdiction over all matters arising out of, and related to, the Case and the Modified Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

      (a)     To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated.

(b)      To hear objections to proofs of claim in connection with any contingent or unliquidated Claim.

21. The failure to reference or discuss any particular Modified Plan provision in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as provisions of the Modified Plan expressly approved herein.

22. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

23. Pursuant to Federal Rule of Bankruptcy Procedure 2002(f), the Debtors are ordered to mail, within seven (7) days of entry after this Order, to all creditors and interest holders a notice of confirmation of the plan along with a copy of this Confirmation Order (without exhibits).

This Order is a final order.

Signed: May 22, 2023

                                                    Eduardo V. Rodriguez
                                              Chief United States Bankruptcy Judge